{¶ 17} I respectfully dissent from the majority's analysis and disposition of appellant's sole assignment of error. I would find that appellant's speedy trial rights were violated and would, therefore, sustain appellant's assignment of error.
 {¶ 18} The majority, in paragraph 14 of its opinion, finds that appellant was brought to trial 271 days after his arrest since a "special hearing" was held on May 24, 2004, one day before the scheduled May 25, 2004, trial date. The majority notes that, at such hearing, the prosecutor and defense counsel discussed the speedy trial deadline and that the trial court, at the request of the prosecution, called the case and then recessed the matter until the next day, May 25, 2004, due to appellant's unavailability. The majority further notes that since the actual 270th day fell on May 23, 2004, which was a Sunday, beginning the trial on May 24, 2005, was permissible.
 {¶ 19} However, while the majority appears to conclude that the "special proceeding" on May 24, 2004, constituted a trial, I would note that May 24, 2004, was not the scheduled trial date. Rather, the scheduled trial date was May 25, 2004. Thus, contrary to the majority's conclusion, appellant was not "brought to trial 271 days after his arrest" — he was brought to "special hearing." Clearly, appellant was not tried within 270 days of his arrest.
 {¶ 20} Based on the foregoing, I would find that the trial court erred in denying appellant's statutory speedy trial motion to dismiss.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed.